ORAL ARGUMENT NOT YET SCHEDULED

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| Chesapeake Bay Foundation, Inc. et al., ) <br> ) <br> Petitioners, ) <br> ) <br> v. ) <br> ) <br> United States Environmental Protection Agency, ) <br>    et al. ) <br> ) <br> Respondents. ) <br> _____) | No. 13-1200 <br> (and consolidated cases) |

**JOINT MOTION**
**FOR ENTRY OF A BRIEFING FORMAT AND SCHEDULE**

Respondents United States Environmental Protection Agency et al. (collectively "EPA"), Petitioners Chesapeake Bay Foundation et al. (Case No. 13-1200) and Utility Air Regulatory Group ("UARG") (Case Nos. 13-1201 and 13-1254), and Intervenors Clean Air Council, Environmental Defense Fund, Sierra Club, Ohio Environmental Council, Exelon Corporation, Public Service Enterprise Group, Inc., Calpine Corporation, National Grid Generation, LLC, Tri-State Generation and Transmission Association, Inc., Utility Air Regulatory Group, Power4Georgians LLC, and Sunflower Electric Power Corporation, hereby respectfully submit this joint motion for entry of a briefing format and schedule. In support of this proposal, the parties state:

1. These consolidated petitions for review challenge an EPA final action on its reconsideration of certain issues in final Clean Air Act rules titled "National Emission Standards for Hazardous Air Pollutants from Coal- and Oil-fired Electric Utility Steam Generating Units and Standards of Performance for Fossil-Fuel-Fired Electric Utility, Industrial-Commercial-Institutional, and Small Industrial-Commercial-Institutional Steam Generating Units." EPA's reconsideration action ("the Reconsideration Rule" or "the Rule") was published at 78 Fed. Reg. 24,073 (Apr. 24, 2013).

2. EPA's Reconsideration Rule in part revised hazardous air pollutant emission standards for new coal- and oil-fired electric utility steam generating units ("EGUs"). These standards were promulgated under section 112 of the Act, 42 U.S.C. § 7412. The Reconsideration Rule also revised certain aspects of the new source performance standards for EGUs – standards which were promulgated under section 111 of the Act, 42 U.S.C. § 7411. The Rule also made certain technical corrections to both the hazardous air pollutant emissions standards and new source performance standards for EGUs.

3. Three petitions for review were filed and consolidated challenging the Reconsideration Rule, including petitions filed by Chesapeake Bay Foundation et al. (13-1200), UARG (13-1201), and Tri-State Generation and Transmission Association, Inc. (13-1202). On October 24, 2013, Tri-State Generation and

Transmission Association, Inc. filed a motion to voluntarily dismiss its petition for review. By order dated October 24, 2013, this Court granted this motion.

4. By order dated September 23, 2013, this Court consolidated case number 13-1254, which involves a challenge to an aspect of the section 111 new source performance standards which was addressed in the Reconsideration Rule.[1]

5. By order dated September 23, 2013, this Court directed the parties to file proposed briefing formats within 14 days, or by October 7, 2013. On October 1, 2013, EPA filed an unopposed motion to stay the deadline for filing a proposed briefing format in light of the lapse in appropriations. By order dated October 18, the Court directed the parties to file proposed briefing formats by October 28, 2013. The parties have consulted on a briefing format and jointly reached agreement on this proposal.

6. Petitioners UARG (Case Nos. 13-1201 and 13-1254) and Chesapeake Bay Foundation, et al. (Case No. 13-1202) have distinct interests and propose to file separate briefs. The issues to be briefed by UARG relate to requirements for the section 111 and 112 standards pertaining to emissions monitoring and compliance determinations. Specifically, UARG intends to address the four issues raised in its Nonbinding Statement of Issues filed July 24, 2013 (Document

---

[1] Petitioner UARG is also a petitioner in Case No. 13-1254. The remaining petitioners in Case No. 13-1254 do not intend to participate in this case.

#1448322).² UARG believes that standard length briefs (14,000 words in its principal brief and 7,000 words in its reply brief) should be sufficient to address these issues.

7. The interests of Petitioners Chesapeake Bay Foundation, et al. ("Environmental Petitioners") are not aligned with UARG. The issues to be briefed by Environmental Petitioners generally relate to whether the section 112 standards are sufficiently stringent.

8. Environmental Petitioners intend to challenge several distinct aspects of EPA's rule. *See* Non-Binding Statement Of Issues For [Environmental] Petitioners. First, they will contend that EPA's refusal to set emission standards for hydrogen chloride, hydrogen fluoride, and hydrogen cyanide is unlawful and that the agency's claim that sulfur dioxide is a reasonable surrogate for these hazardous air pollutants is unreasonable and at odds with this Court's precedent. Second, Environmental Petitioners will contend that EPA's methodology for establishing the statutory minimum stringencies ("floors") for its standards under Clean Air Act § 112(d)(3), 42 U.S.C. § 7412(d)(3), was unlawful under *Chevron* as well as arbitrary. Environmental petitioners will raise both arguments with respect to EPA's different methodologies for several different pollutants and also with respect to several different aspects of EPA's predominant methodology. *See*

---

² EPA is separately filing an opposed motion to sever and hold in abeyance Issue #4 in UARG's Nonbinding Statement of Issues.

*National Ass'n of Clean Water Agencies v. EPA*, __ F.3d __ 2013 WL 4417438 at *12-*31 (D.C. Cir. August 20, 2013) (addressing several floor-related challenges under similarly worded Clean Air Act provision). Third, Environmental Petitioners will argue that EPA's standards for several pollutants do not require the "maximum" degree of reduction in emissions that is "achievable," as required by Clean Air Act § 112(d)(2), 42 U.S.C. § 7412(d)(2). In addition to their arguments, Environmental Petitioners will need to provide the mandatory sections of the brief that count towards the word limit. *See* Fed. R. App. P. 28(a)(4)-(8), 24(a)(9)(B); D.C. Circuit Rule 28(a)(6)-(7). Environmental Petitioners respectfully submit that they will need 14,000 words to adequately brief the issues they will raise and will need 7,000 words to adequately address these issues in their reply brief.

9. Respondent EPA believes that 28,000 words – a number of words equal to those in Petitioners' collective briefs – should be sufficient to allow the Agency to address the issues raised by Petitioners.

10. With respect to the schedule for briefing, the parties anticipate that the intervals for preparation of merits briefs set forth in Fed. R. App. 31(a) will be inadequate given the complexity of the issues in the case and amount of briefing. Respondent EPA requests a 90-day interval to prepare its brief following submission of Petitioner's brief. Environmental Petitioners request that initial briefs be due in mid-February 2014 given the need for counsel to meet various

5

other deadlines within the next several months.  A specific joint proposed briefing calendar and format is set forth in the following paragraph.

11. The parties propose the following format and deadlines for briefing:

| Party/Document | Date | Word Limit |
|---|---|---|
| Environmental Petitioners' Opening Brief | February 14, 2014 | 14,000 words total |
| UARG Opening Brief | February 14, 2014 | 14,000 words total |
| EPA's Opening Brief | May 14, 2014 | 28,000 words |
| Intervenor Respondents' Brief addressing issues raised by Environmental Petitioners | June 13, 2014 | 8,750 words |
| Intervenor Respondents' Brief addressing issues raised by UARG | June 13, 2014 | 8,750 words |
| Environmental Petitioners' Reply Brief(s) | July 14, 2014 | 7,000 words |
| UARG Reply Brief | July 14, 2014 | 7,000 words |
| Joint Appendix | July 28, 2014 | |
| Final Briefs | August 4, 2014 | |

WHEREFORE, the parties respectfully request that the Court enter an order establishing the briefing schedule set forth above.

>Respectfully submitted,
>
>ROBERT G. DREHER
>Acting Assistant Attorney General
>
>   /s/ Eric Hostetler
>ERIC G. HOSTETLER
>MATTHEW R. OAKES
>AMANDA SHAFER BERMAN
>U.S. Department of Justice

Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C.  20044
(202) 305-2326 (E. Hostetler direct line)
eric.hostetler@usdoj.gov

*Attorneys for Respondent*


James S. Pew
Neil E. Gormley
Earthjustice
1625 Massachusetts Ave., NW
Suite 702
Washington, DC  20036-2212
(202) 667-4500
jpew@earthjustice.org
ngormley@earthjustice.org

*Counsel for Chesapeake Bay Foundation,
Clean Air Council, and Sierra Club*

Sanjay Narayan
Sierra Club Environmental Law Program
85 Second Street, 2nd Floor
San Francisco, CA  94105
(415) 977-5769
Sanjay.narayan@sierraclub.org

*Counsel for Sierra Club*

Lauren E. Freeman
Elizabeth L. Horner
HUNTON & WILLIAMS LLP
2200 Pennsylvania Avenue, NW
Washington, D.C.  20037
(202) 955-1500
lfreeman@hunton.com
ehorner@hunton.com

*Counsel for the Utility Air Regulatory Group*

Jeffrey R. Holmstead
Sandra Y. Snyder
Bracewell & Giuliani LLP
2000 K Street, NW
Suite 500
Washington, DC 20006-1872
(202) 828-5852
jeff.holmstead@bgllp.com

*Counsel for Tri-State Generation and Transmission Association, Inc.*

Peter S. Glaser
Troutman Sanders LLP
401 Ninth Street N.W.
Suite 1000
Washington, D.C. 20001
(202) 274-2998
peter.glaser@troutmansanders.com

*Counsel for Sunflower Electric Power Corporation*

Patricia T. Barmeyer
Les Oakes
John L. Fortuna
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
(404) 572-3563
*pbarmeyer@kslaw.com*

*Counsel for Power4 Georgians, LLC*

8

          Brendan K. Collins
          Robert B. McKinstry, Jr.
          Lorene L. Boudreau
          BALLARD SPAHR LLP
          1735 Market Street, 51st Floor
          Philadelphia, PA  19103-7599
          (215) 665-8500

*Counsel for Calpine Corporation, Exelon Corporation, National Grid Generation LLC, and Public Service Enterprise Group, Inc.*

DATED: October 28, 2013

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing Joint Motion for Entry of a Briefing Format and Schedule has been served through the Court's CM/ECF system on all registered counsel this 28th day of October, 2013.


DATED:   October 28, 2013          /s/ Eric Hostetler
                                    Counsel for Respondent