ORAL ARGUMENT NOT YET SCHEDULED

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____
                                        )
CHESAPEAKE BAY FOUNDATION,              )
INC. et al,                             )
            Petitioners,                )
                                        )
      v.                                )   Docket No. 13-1200
                                        )   (and consolidated cases)
UNITED STATES ENVIRONMENTAL             )
PROTECTION AGENCY, et al.,              )
                                        )
            Respondents.                )
_____  )

**JOINT MOTION TO SUSPEND BRIEFING SCHEDULE,
HOLD CASE IN ABEYANCE**

Petitioners Utility Air Regulatory Group, Chesapeake Bay Foundation, Clean Air Council, and Sierra Club, and Respondents United States Environmental Protection Agency, et al. ("EPA"), jointly move the Court to suspend the briefing schedule recently entered in this case and hold it in abeyance. All Intervenors (Ohio Environmental Council, Sunflower Electric Power Corp., Tri-State Generation and Transmission Association, Power4Georgians, LLC, Environmental Defense Fund, Calpine Corp., Exelon Corp., National Grid Generation, LLC, and Public Service Enterprise Group) have represented through counsel that they do not oppose this motion. The grounds for this motion are as follows:

1

1. The consolidated petitions in this action seek review of an EPA rulemaking, "Reconsideration of Certain New Source Issues: National Emission Standards for Hazardous Air Pollutants from Coal- and Oil-Fired Electric Utility Steam Generating Units," published at 78 Fed. Reg. 24,073 (April 24, 2013) ("New Source MATS Reconsideration Rule"). In that rulemaking, EPA set numeric standards pursuant to section 112 of the Clean Air Act, 42 U.S.C. § 7412, for electric generating units ("EGS") that are sources of hazardous air pollutants.

2. On March 5, 2014, EPA filed a motion for voluntary remand of all of the numeric standards promulgated in the New Source MATS Reconsideration Rule so that EPA could review the appropriateness of applying the variability analysis used in setting those standards to limited data sets in light of this Court's decision in *National Association of Clean Water Agencies v. EPA*, 734 F.3d 1115 (D.C. Cir. 2013) *("NACWA")*. ECF Doc. # 1482442. EPA also moved to suspend the briefing scheduling in place at that time pending the outcome of the motion to remand. ECF Doc. #1482443. EPA indicated that, if its remand motion were granted, it intended to consult with the other parties regarding whether briefing of any issues should proceed pending EPA's action pursuant to the remand. The motion to suspend briefing was granted on March 19, 2014. ECF Doc. #1484495.

3. On May 15, 2014, the Court granted EPA's motion to remand the numeric standards promulgated in the New Source MATS Reconsideration Rule.

ECF Doc. #1493186.  In that order, however, the Court set a briefing scheduling for the "remainder of the consolidated cases," under which Petitioners' opening briefs are due on June 13.  *Id.*

    4.    Petitioners and EPA agree that it does not make sense to brief any portion of these consolidated cases now, given that the standards set forth in the challenged rule are currently being reconsidered.  EPA's action pursuant to the reconsideration process may moot some or all of the issues raised by Petitioners, and in any event, the parties agree that it would not be a good use of the Court's or the parties' resources to attempt to carve out some subset of the issues for briefing now, before the results of the reconsideration process are known.  Accordingly, the parties jointly ask that the Court suspend briefing and place the case in abeyance.

    5.    While the parties agree that the case should be held in abeyance, they differ in opinion in regard to the management of the abeyance period.  Petitioners EPA and UARG propose that the case be placed in abeyance indefinitely, with all parties retaining the right to move the Court to resume briefing if they believe abeyance is no longer warranted for whatever reason.  Petitioners Chesapeake Bay Foundation, Clean Air Council, and Sierra Club propose that the Court limit the initial abeyance period to one year; the parties would thereafter either move to extend the abeyance period, or file competing motions to govern.

6. In any event, all parties agree that the case should be held in abeyance, and the pending briefing schedule suspended, and therefore jointly request that the Court take such action.

DATED: May 27, 2014

Respectfully submitted,

/s/ Nicholas Morales
Nicholas Morales
James S. Pew
Earthjustice
1625 Massachusetts Ave., N.W.
Suite 702
Washington, D.C. 20036-2212
(202) 667-4500
nmorales@earthjustice.org
jpew@earthjustice.org

*Counsel for Chesapeake Bay Foundation, Clean Air Council and Sierra Club*

Sanjay Narayan
Sierra Club Environmental Law Program
85 Second Street, 2nd Floor
San Francisco, CA, 94105
(415) 977-5769
sanjay.narayan@sierraclub.org

*Counsel for Sierra Club*

Sam Hirsch
Acting Assistant Attorney General

/s/ Amanda Shafer Berman
ERIC G. HOSTETLER
AMANDA SHAFER BERMAN
Environmental Defense Section
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 616-7568

*Counsel for Respondents EPA et al.*

/s/ Lauren E. Freeman
Lauren E. Freeman
Hunton & Williams LLP
1900 K Street, NW
Washington, DC  20006
Ph:   (202) 778-2248
Fax:  (202) 828-3762
E-mail:   lfreeman@hunton.com

*Counsel for Petitioner Utility Air Regulatory Group*

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of May, 2014, I caused a copy of the foregoing document to be served by the Court's CM/ECF system on all counsel of record in this matter.

/s/ Amanda Shafer Berman
Amanda Shafer Berman
